# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 283 | **DATE** | 6/3/2002 |
| **CASE TITLE** | Factory Mutual Ins Co. Vs. Bobst Group Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss is granted as to count III, but denied as to counts I and II. Status hearing set for July 10, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 0 5 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 0 5 2002

FACTORY MUTUAL INSURANCE )
COMPANY, as subrogee of )
Wm. Wrigley Jr. Company, )
  )
  Plaintiff, )
  )
vs. ) No. 02 C 283
  )
BOBST GROUP INC., )
  )
  Defendant. )

## MEMORANDUM OPINION AND ORDER

Factory Mutual Insurance Co., subrogee of William Wrigley Jr. Co. (WRICO), brings this action against Bobst Group Inc. alleging strict liability, negligence, and breach of contract. Defendant now moves for dismissal under Fed.R.Civ.P. 12(b)(6). For the following reasons, defendant's motion is granted in part and denied in part.

## BACKGROUND

Defendant and WRICO allegedly contracted for defendant to design, manufacture, supply and install a roto cadet rotogravure printing press (press). According to plaintiff, the terms of the exchange were contained in a purchase order dated September 23, 1996, and an addendum dated March 19, 1997. The addendum, attached to defendant's motion to dismiss, includes the following provisions:

Section 3, Warranty

Section 3 [from the prior purchase order] shall be deleted in its entirety and replaced with the following:

"Seller warrants to Buyer, for a period of one (1) year after delivery of the Equipment sold hereunder, that the Equipment to be delivered under this Order will be of merchantable quality, free from all latent or patent defects,

No. 02 C 283                                                                                                              Page 2

> will conform to Buyer's specifications or samples, and will be safe for their intended use. Seller disclaims any other agreements, representations, affirmations or warranties, whether oral or written, made by any agent, employee or representative of Seller, unless specifically set forth in this paragraph.... Seller agrees to repair or, at its option, to replace any part manufactured by it (except rubber composition rollers) and to repair or, at its option, to replace or refund the purchase price of the Equipment if such parts or Equipment are proved to be defective in material or workmanship under normal use within one (1) year after delivery provided that Buyer shall give Seller prompt written notice of such defect and shall return the same to Seller where practicable. Seller shall not be liable for any parts replaced, or repairs, alternations [sic], modifications or changes made by Buyer without the consent of Seller or for any damages or defects resulting from shipment or installation or operation which is not in conformance with Seller's procedures or inadequate maintenance.
>
> With respect to any breach of the warranties hereunder Seller may repair or replace the Equipment or parts thereof, or provide Buyer with a refund. Each party shall indemnify the other for its respective negligent acts or omissions. At its option, Seller may rescind this contract."
>
> In no event shall Seller be liable for losses based upon downtime, overhead, the negligence of Buyer or any of its employees or agents, lost labor, damages to machinery, spoilage, lost production or profits or for consequential damages of any kind arising out of or in connection with this transaction of the sales, use, maintenance or operation of the equipment.

Plaintiff alleges in its complaint that Bobst did design, manufacture, supply and install the press at WRICO's Chicago plant. On August 16, 1999, the press allegedly exploded causing personal injury, damage to the press and damage to other WRICO property. Plaintiff, a property insurance company, claims that it paid WRICO approximately three and-a-half million dollars in satisfaction of the alleged damage.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss we accept as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). A claim survives if relief could be

granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While a complaint does not need to specify the correct legal theory to withstand a Rule 12(b)(6) motion, the complaint must allege all elements of a cause of action necessary for recovery. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985) *cert. denied*, 475 U.S. 1047 (1986).

In our analysis under Rule 12(b)(6), we can look to documents attached to defendant's motion if they are referred to in the complaint and are central to plaintiff's claims. Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). Here the purchase order and addendum attached to defendant's motion are described in plaintiff's complaint and constitute the basis for the breach of contract claim. These documents provide that the purchase order is governed by the Uniform Commercial Code (UCC), as adopted by Illinois (purchase order, ¶13). Plaintiff, however, contests applying that law to the alleged facts, arguing that the transaction could be categorized as a contract for services rather than goods, and as such lies outside the scope of the UCC. It argues that until we examine extrinsic evidence to determine whether it is a contract predominantly for goods or for services, we must examine this claim under contract common law.

Even if we consider the agreement as a mixed contract involving both service and goods, the UCC is applicable here. When interpreting mixed contracts, courts look to the agreement's predominate purpose. Zayre Corp. v. S.M.& R. CO., Inc., 882 F.2d 1145, 1153 (7th Cir. 1989). If the transaction "was predominately one for the sale of goods with services incidentally involved," then the contract is governed by the UCC. Republic Steel Corp. v. Pennsylvania Engineering Corp., 785 F.2d 174, 181 (7th Cir. 1986). Here the terms of the

purchase order and addendum make clear that the parties were a seller and buyer of a press. The press, referred to throughout as equipment or goods, makes up the bulk of the item description corresponding to the purchase price. *See* Center Ice of Dupage, Inc. v. Burley's Rink Supply, Inc., 1997 WL 43230 at *4 (N.D.Ill. 1997) (structure of contract relevant). The agreement between the parties concerned goods first, and services second.

Under Illinois' UCC law "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.... A cause of action accrues when the breach occurs, regardless of the aggrieved parties lack of knowledge of the breach. A breach of warranty occurs when the tender of delivery is made." 810 ILCS 5/2-725. The purchase order provides that defendant's delivery of the press would be completed by September 1, 1997. There are no allegations in the complaint that defendant failed to meet the deadline. Since this action was filed on January 11, 2002, any breach of warranty claim is most likely barred by the statute of limitations. Plaintiff contests applying the statute of limitations in determining this motion since the actual delivery time does not appear anywhere in the complaint.

Even if plaintiff's warranty claim is not barred by the statute of limitations, it is barred by the warranty limitations in the contract. The parties contracted that defendant would warrant the equipment's merchantability and performance for one year but disclaimed any other warranties. It is well settled that parties may exclude or limit warranties that exist under the UCC. *See* 810 ILCS 5/2-316(2) and (3); Lefebvre Intergraphics, Inc. v. Sanden Machine Ltd., 946 F.Supp. 1358, 1363 (N.D.Ill. 1996). Again, the specific delivery date is not alleged, and under a liberal reading of the complaint the exact amount of time between delivery and the alleged explosion is not clear. However, a plaintiff can plead himself out of court by pleading

facts that undermine the allegations set forth in his complaint. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). Plaintiff alleges that the press exploded "less than two years into normal operation" (cplt. ¶9). Plaintiff also alleges that pursuant to the contract defendant did design, manufacture, supply and install the press at WRICO's plant (cplt. ¶7). The contract requires installation by September 1997. It is clear from the complaint that the alleged event occurred well past the one-year warranty.

Defendant asserts that provisions in the contract also bar plaintiff's strict liability and negligence claim. Under the warranties section of the parties' addendum, the parties agreed that defendant would not be liable for "damages to machinery, spoilage, lost productions or profits or for consequential damages of any kind arising out of or in connection with this transaction of the sales, use, maintenance or operation of the equipment"(add. ¶2). Also in its warranty section, the contract limits plaintiff's remedies to replacement, repair, or refund of the equipment. *Id.*

Under the UCC, contracting parties can limit a buyer's remedies to repair, replacement or return of the goods and can limit or exclude consequential damages. *See* 810 ILCS 5/2-719. A claim is properly dismissed if a limitation of remedies provision in a contract prohibits the claimant from recovering the damages sought. Stepan Co. v. Winter Panel Corp., 948 F.Supp. 802, 809 (N.D.Ill. 1996); Lefebvre Intergraphics, Inc. v. Sanden Machine Ltd., 946 F.Supp. 1358, 1372-3 (N.D.Ill. 1996). While it is possible to contract to avoid tort liability, an exculpatory clause must spell out this intention with the greatest of particularity. Berwind Corp. v. Litton Industries, Inc., 532 F.2d 1, 4 (7th Cir. 1976), citing Illinois caselaw. In particular, general exculpatory clauses will not bar recovery for damage resulting from intentional, negligent or reckless misconduct, unless it is clear that the parties intended that

effect. *Id.* at 5.

Here it is not clear that the identified sections of the contract apply to tort remedies. The contract provides that "each party shall indemnify the other for its respective negligent acts or omissions," and there is separate reference to lack of remedy in the event of WRICO's negligence. While the parties specifically limited the buyer's liability and provided for indemnification against third party claims, there is no provision limiting defendant's potential liability. There is no reference to strict liability at all. We find no provision in the purchase order or addendum that clearly establishes plaintiff's agreement to forego any tort remedy.

Defendant also requests that we find plaintiff's strict liability claim untimely filed, pending an answer to a question certified to the Supreme Court of Illinois. The Seventh Circuit has requested a clarification on the applicable statue of limitations for an action for damage to property based on the doctrine of strict liability. <u>Allstate Insurance Co. v. Menards, Inc.</u>, 285 F.3d 630 (April 5, 2002). The answer to this question would affect whether plaintiff's strict liability claim is considered timely. Under current law, plaintiff's claim is not untimely, and at this stage in the pleadings plaintiff's tort claims should go forward.

## CONCLUSION

For the above reasons, defendant's motion to dismiss is granted as to count III, but denied as to counts I and II.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

June 3, 2002.