

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 283 | **DATE** | 10/18/2002 |
| **CASE TITLE** | Factory Mutual Ins Co. etc. Vs. Bobst Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to dismiss defendant's counterclaim is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 21 2002 | |
| | Notified counsel by telephone. | | date docketed | 27 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, as subrogee of WM. WRIGLEY JR. COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | **DOCKETED** |
| vs. | ) ) | No. 02 C 283   OCT 2 1 2002 |
| BOBST GROUP INC., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Factory Mutual Insurance Co. (Factory Mutual), subrogee of William Wrigley Jr. Co. (WRICO), brought this action against Bobst Group Inc. (Bobst) alleging strict liability, negligence, and breach of contract. The contract claims were previously dismissed. Defendant Bobst brought a counterclaim against Factory Mutual alleging negligence in inspection. Plaintiff moves to dismiss the counterclaim pursuant to Fed.R.Civ.P. 12(b)(6), and, for the following reasons, plaintiff's motion is granted.

## BACKGROUND

This dispute arose from the sale and installation of a roto cadet retrogravure printing press (press) by Bobst to WRICO. The press allegedly exploded on August 16, 1999, causing personal injury, damage to the press and damage to other property. As WRICO's property insurance carrier, Factory Mutual retained a right to inspect the premises and WRICO's equipment. Factory Mutual claims that because of a faulty press sold by Bobst it paid over $3.5 million in satisfaction of WRICO's claims.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986).

Bobst counterclaims that Factory Mutual was negligent in that it undertook inspection of WRICO's equipment and either failed to inspect or did so negligently, contributing to the damage caused by the explosion. As a result, it alleges that Factory Mutual should be liable for contribution should damages be assessed against Bobst.

To succeed in an action for negligence, the party seeking recovery must prove facts that establish the existence of a duty, a breach of the duty, and an injury which was proximately caused by the breach. Hills v. Bridgeview Little League Ass'n, 745 N.E.2d 1166, 1178 (Ill. 2000). Whether a duty exists is a question of law. Id.

Alleged liability for negligent inspection can be traced to Justice Cardozo: "[O]ne who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all." Glanzer v. Shepard, 135 N.E. 275, 276 (N.Y. 1922). The party seeking recovery must show, as a threshold requirement, that an insurer undertook to render services for the benefit of the insured. Smith v. Allendale Mut. Ins. Co., 303 N.W.2d 702, 705 (Mich. 1981). An insurance company that agrees to inspect for its own benefit owes no duty

(even to the insured or employees of the insured) to use reasonable care in doing so, or to even continue the inspections. *Id. See also* Starks v. Commercial Union Ins. Co., 501 So.2d 1214 (Ala. 1987); James v. State, 457 N.Y.S.2d 148 (N.Y. Sup.Ct. 1982). While Illinois courts have not addressed this question directly, we find no authority that imposes a duty on insurers to the insured or its employees if inspections are allowed or initiated solely for the insurer's benefit.[1] Certainly, insurers owe no such duty to an unseen third party that happened to install equipment in the insured's factory.

Bobst does not allege any facts that indicate that Factory Mutual reserved the right to inspect WRICO for any reason other than its own benefit. As such, it does not allege that Factory Mutual owed a duty to inspect the premises and fails to state a tort claim.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss defendant's counterclaim is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 18, 2002.

---

[1] *See* John Dwight Ingram, Liability of Insurers for Negligence in Inspection of Insured Premises, 50 Drake L. Rev. 623 (2002) for a full discussion of insurers' duty to inspect.