# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 283 | **DATE** | 2/6/2003 |
| **CASE TITLE** | Factory Mutual Ins Co. etc. Vs. Bobst Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to dismiss defendant's counterclaim is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 1 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 43 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FACTORY MUTUAL INSURANCE )
COMPANY, as subrogee of Wm. Wrigley, Jr. )
Company, )
 )
        Plaintiff, )
 )
vs. ) No. 02 C 283
 )
BOBST GROUP, INC., )
 )
        Defendant. )

DOCKETED
FEB 1 0 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Factory Mutual Insurance Co. (Factory Mutual), subrogee of William Wrigley Jr. Co. (WRICO), brought this action against defendant Bobst Group, Inc. (Bobst) alleging strict liability, negligence, and breach of contract. The contract claims were previously dismissed. Bobst filed a counterclaim against Factory Mutual alleging negligence in inspection and seeking contribution in the event it is forced to pay damages. After the initial claim was dismissed, Bobst filed an amended counterclaim. Factory Mutual now moves to dismiss the amended counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for the following reasons its motion is denied.

## BACKGROUND

This dispute arose from the sale and installation of a roto cadet retrogravure printing press (press) by Bobst to WRICO. The press allegedly exploded on August 16, 1999, causing personal injury, damage to the press and damage to other property. As WRICO's property insurance carrier, Factory Mutual retained a right to inspect the premises and WRICO's



equipment. Factory Mutual claims that it paid over $3.5 million dollars in satisfaction of WRICO's claims as a result of the faulty press.

Bobst's initial counterclaim for contribution alleged that Factory Mutual breached a duty to inspect the premises and equipment. We dismissed this initial claim because Bobst failed to allege facts that would give rise to a duty of care owed by Factory Mutual. In its amended counterclaim, Bobst alleges that Factory Mutual undertook a duty to inspect the premises for the benefit of Bobst and WRICO, rather than solely for its own benefit.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss we must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986). In considering a 12(b)(6) motion, we restrict our analysis "solely to the pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs." Thompson v. Illinois Dept. of Professional Regulation, 300 F.3d 750, 753 (7th Cir. 2002).

To sustain a claim for negligence the party seeking recovery must prove facts that establish the existence of a duty of care, the breach of that duty, and an injury that was proximately caused by that breach. Hills v. Bridgeview Little League Ass'n, 195 Ill.2d 210,

227, 745 N.E.2d 1166,1178, 253 Ill.Dec. 632, 644 (Ill. 2000). Factory Mutual challenges only whether Bobst has sufficiently alleged that a duty of care existed, which is a question of law. *Id.*

In its amended counterclaim Bobst alleges that Factory Mutual reserved the right to inspection and undertook these inspections, in part, for the benefit of WRICO and Bobst, rather than solely for its benefit (Bobst Group Amended Counterclaim for Contribution, ¶6). Pursuant to the voluntary undertaking theory of liability, if Factory Mutual agreed (gratuitously or for consideration) to inspect, it can be subject to liability for its failure to do so. Frye v. Medicare-Glaser Corp., 153 Ill.2d 26, 32, 605 N.E.2d 557, 560. 178 Ill.Dec. 763, 766 (Ill. 1992) (discussing Restatement (Second) of Torts, § 323). The liability imposed on the defendant is limited to the extent of its undertaking. *Id.*

Factory Mutual argues that its agreement to inspect shielded it from any potential liability. While this may be true, the only documents attached to the complaint, and therefore considered as part of this motion, are copies of the "applications for acceptance." These agreements each contain a clause stating:

> THE LIABILITY OF THE INSURANCE COMPANIES IS LIMITED TO THAT COVERED BY THEIR INSURANCE POLICIES.
>
> NO OTHER LIABILITY IS ASSUMED BY REASON OF THE APPLICATION OF ACCEPTANCE.

While these agreements limit the liability of Factory Mutual with respect to the inspections, they do not establish that Factory Mutual owed no duty of care to Bobst or WRICO. As a result, in light of the affirmative allegation that the inspections were, in part, for the benefit of WRICO and Bobst, we must deny the motion to dismiss. Factory Mutual may very well be able to produce facts that conclusively demonstrate that the undertaking of

inspection was solely for its own benefit. These arguments would entitle it to judgment at the summary judgment stage. For now, however, we find that Bobst states a claim that would entitle it to relief.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss defendant's counterclaim is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 5, 2003.