# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 283 | **DATE** | 3/15/2004 |
| **CASE TITLE** | FACTORY MUTUAL INSURANCE COMPANY vs. BOBST GROUP, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Plaintiff's motion for summary judgment as to defendant's counterclaim is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 1 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 86 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, as Subrogee of WM. WRIGLEY JR. COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 02 C 283 |
| BOBST GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

MAR 1 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Factory Mutual Insurance Company (Factory Mutual), as subrogee of William Wrigley, Jr. Company (WRICO), brought this action against defendant Bobst Group, Inc. (Bobst) alleging strict liability, negligence and breach of contract. Bobst then filed a counterclaim against Factory Mutual seeking contribution in the event it should have to pay damages. Plaintiff filed a motion for summary judgment as to defendant's counterclaim. For the following reasons, that motion is granted.

## BACKGROUND

Plaintiff and its predecessor, Allendale Mutual Insurance Company, have provided insurance to WRICO since before 1994. At all relevant times the effective insurance contracts contained provisions designed to limit Factory Mutual's liability with respect to inspections. Specifically, the policies in effect from July 1, 1994 to July 1, 1999, provided:

> The Company, at all reasonable times during this policy period, shall be permitted but not obligated to inspect the property insured by this policy. Neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute any undertaking, on behalf of or for the



> benefit of the insured or others, to determine or warrant that such property is safe or healthful.

The replacement policy, issued July 1, 1999, contained similar language:

> The Company, at all reasonable times, will be permitted, but not have the duty, to inspect insured property.
>
> The Company's:
>
> A. right to make inspections;
> B. making of inspections; or
> C. analysis, advice or inspection reports,
>
> will not constitute an undertaking, on behalf of or for the benefit of the Insured or others, to determine or warrant that the insured property is safe or healthful. This company will have no liability to the Insured or any other person because of any inspection or failure to inspect.

In 1997, WRICO hired Bobst to design, manufacture and install a roto cadet rotogravure printing press at WRICO's plant in Chicago, Illinois. Pursuant to its contract rights, Factory Mutual conducted periodic inspections of the press and occasionally reported its findings to WRICO and Bobst. On August 16, 1999, the press exploded, damaging WRICO's property and causing personal injury. Factory Mutual covered WRICO for its losses, as required by the insurance policy, and then brought this action against Bobst alleging that defects in the press caused the explosion. In response to the complaint, Bobst filed a counterclaim against Factory Mutual alleging negligence in the performance of inspections.

## DISCUSSION

The court's function in ruling on a motion for summary judgment is merely to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Only if the evidence on file shows that no such issue exists and that the moving party is entitled to judgment as a matter of law will the motion be granted. Celotex

Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002).

To prevail on a claim for negligence, a party must prove facts that establish the existence of a duty of care, a breach of that duty, and resulting damages. Hills v. Bridgeview Little League Ass'n, 745 N.E.2d 1166, 1178 (Ill. 2000).

The Restatement (Second) of Torts § 324A provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

In Illinois, to prove that plaintiff owed a duty of care under section 324A, the defendant must demonstrate that Factory Mutual undertook the inspections for the benefit of some party other than itself. See Frye v. Medicare-Glaser Corp., 605 N.E.2d 557, 560 (Ill. 1992). Any resulting liability imposed on plaintiff must be limited to the extent of this undertaking. Id. Defendant claims that plaintiff undertook inspections of the plant for the benefit of WRICO and/or Bobst, and that its failure to properly inspect led, at least partially, to the alleged damages.

The contract language explicitly forecloses the possibility of any such duty to WRICO. Plaintiff had no duty to perform any inspections and, to the extent it did so, its goal was simply to minimize its own risk in paying out on the insurance policy. The language in question is nearly identical to that in Riverbay Corp. v. Allendale Mut. Ins. Co., 1998 WL 52783 (S.D.

N.Y.),[1] in which the court determined that the contract effectively eliminated liability resulting from negligent inspection. *Id.* at *8.

Defendant argues that, notwithstanding the clear language in the contract, plaintiff's actions created a duty of care to WRICO and its employees.[2] It lists the inspection activities undertaken by the plaintiff and claims that these actions somehow show that plaintiff was acting for the benefit of third parties. Specifically, defendant points to concerns that plaintiff had about "safety" and maintains that these concerns necessarily involved WRICO employees at the plant. We must, however, look at these actions in the context of the contract. Riverbay, 1998 WL 52783 at *8. As in Riverbay, the evidence shows that inspections were conducted pursuant to the permissive clause in the insurance agreement. Even when acting to limit personal injury, there is simply no evidence that plaintiff was acting to benefit any party other than itself. The purpose of the inspections was simply to minimize the risk of plaintiff's liability.

Likewise, there is nothing in the record to show that plaintiff owed any such duty to Bobst. Defendant claims that such a duty arose when plaintiff contacted it regarding defective designs or parts on the press. Again, there is no reason to believe that plaintiff was acting for any reason other than to minimize its own liability. No reasonable jury could infer that

---

[1] Defendant directs us to Seventh Circuit Rule 53(b)(2)(iv) in claiming that we should pay no attention to Riverbay because it is an unpublished opinion. This rule, however, pertains only to unpublished orders of the Seventh Circuit itself and not to those of any other courts. Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc., 98 F. Supp. 2d 958, 959, n. 1 (N.D. Ill. 2000). Riverbay has the same persuasive authority as any other district court opinion would have.

[2] Defendant also attempts to argue that Factory Mutual Engineering Association (FMEA), which actually performed the inspections, existed as a separate entity from the insurance company and therefore had different duties. This corporate status is entirely irrelevant in determining whether plaintiff owed a duty to a third party. FMEA was simply the means by which the insurer exercised its rights under the contract. *See* Riverbay, 1998 WL 52783 at *7. FMEA owed a duty of care only if the insurance carrier owed such a duty.

Factory Mutual, by simply conducting periodic inspections of WRICO's property as allowed by the insurance policy and reporting the findings to Bobst, gratuitously assumed an affirmative duty to Bobst (with which it had no other relationship) to inspect equipment to protect Bobst from economic loss in the event of an accident.

Defendant primarily relies on Nelson v. Union Wire Rope Corp., 199 N.E.2d 769 (Ill. 1964), in arguing that such a duty exists under Illinois law. In Nelson, 18 employees who were severely injured when a construction hoist collapsed brought suit against the manufacturer of a cable that broke, the designer of the hoist and the company that carried the employees' workmen's compensation insurance. *Id.* at 772. They alleged that the insurance company had negligently performed inspections of the construction equipment. *Id.* The court determined that the insurance company had conducted gratuitous safety inspections and had advertised that it would make the workplace safer for the employees. *Id.* at 776-78. As a result, plaintiffs were entitled to rely on these inspections and expect them to be performed with due care. *Id.* at 779-80.

Nelson is substantially different from the present case. First, while decided by the Illinois Supreme Court, Nelson was decided under Florida law. *Id.* at 773. Second, there is no indication that the defendant in that case was protected from liability by the insurance contract. Third, while employees of a plant may be reasonably foreseeable plaintiffs in the case of an accident, there is no indication that an insurer owes any duty to a third party who happened to install the equipment that causes the damage. Finally, Nelson deals with severe personal injury, while defendant here is merely seeking to offset its own economic losses. There is simply no evidence that would allow a jury to believe plaintiffs owed a duty of care

to WRICO, its employees, or the defendants, that would entitle defendants to the contribution that they seek.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment as to defendant's counterclaim is granted.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

March 15, 2004.